**ISBRANDTSEN COMPANY, Inc.,**
**Appellant,**

v.

**TUTEUR & COMPANY, Inc., Appellees.**

**No. 17382.**

United States Court of Appeals
Fifth Circuit.

March 27, 1959.

---

James J. Morrison, New Orleans, La., for appellant.

Robert B. Deane, Deutsch, Kerrigan & Stiles, New Orleans, La., for appellee.

Before RIVES, CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents the question whether the evidence is sufficient to support the finding of the court below that appellant Isbrandtsen (respondent below), owner of the Steamship Ittersum, was liable to appellee Tuteur (libelant below) for damages to a cargo of steel transported by appellant from Antwerp, Belgium to Houston, Texas. The 360 tons of steel consigned to appellee was part of a cargo of 3,577 tons carried by the ship, and the damage claimed by appellee was confined to 17 steel beams and 45 channels alleged by appellee to have been bent or bowed. The steel was discharged by appellant direct from the vessel into open-rail gondola cars spotted alongside at Houston.

The case was presented to the court below entirely upon depositions, interrogatories and answers thereto and documentary evidence and resulted in the entry by the court below of findings and conclusions in the form of a written opinion upon which judgment was entered in favor of appellee and against appellant for the market value of the steel damaged, less the salvage recovery of $970.-20, together with costs and interest at the rate of 5% per annum from Nov. 16, 1955 until paid.

Appellant files fourteen specifications of error, one claiming that appellee was estopped by failure to give notice of loss and damage as required by the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1303 (6); and the other thirteen challenging fact findings made by the court below. It emphasizes its contention that, since all of the evidence below was by depositions, stipulations, or other writings, this Court should pass upon the credibility of the witnesses and evaluate their testimony without any presumption in favor of the correctness of the findings of the trial judge.[1] It urges that appellee did not sustain the burden of proof imposed upon it by statute and the terms of the bill of lading, and that we should reverse the decision of the court below.

We are unable to agree. A reading of the record and the briefs leads us to approve the conclusion of the court below that appellee did sustain the burden under the rules relied upon by appellant, and to hold that the court below correctly found the facts and declared the law in its opinion, Tuteur & Company, Inc., Libelant v. The Steamship Ittersum and Isbrandsten Company, Inc., 162 F.Supp. 788. On the basis of this opinion and the facts stated in it the decree of the district court is affirmed.

Affirmed.

---

1. Citing Reid v. Fargo, 241 U.S. 544, 36 S.Ct. 712, 60 L.Ed. 1156; Benedict, Admiralty, 6 Ed., 1940, Vol. 4, pp. 56 et seq., 66; The Foundation Aranmore, 5 Cir., 1948, 165 F.2d 426; Waterman SS Corp. v. United States Smelting, Refining & Mining Co., 5 Cir., 1946, 155 F.2d 687, certiorari denied 329 U.S. 761, 67 S.Ct. 115, 91 L.Ed. 656; New Orleans Coal & Bisso Towboat Co. v. United States (The Leo), 5 Cir., 1936, 86 F.2d 53; Barker v. Irving, 5 Cir., 1928, 24 F. 2d 628; and Hamburg-Amerikanische Packetfahrt Aktien Gesellschaft v. Gye, 5 Cir., 1913, 207 F. 247, certiorari denied 231 U.S. 755, 34 S.Ct. 323, 58 L. Ed. 468.